U.S. Bankruptcy Court
District of Idaho
Filed: September 3, 2004
At: 9:00 a.m.
By: Sylvia Wirth

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| In Re:<br><br>SCOTT McFARLAND and<br>YVONNE McFARLAND,<br><br>Debtors. | **Bankruptcy Case**<br>**No. 04-01623** |

## MEMORANDUM OF DECISION

**Appearances:**

    Randal J. French, BAUER & FRENCH, Boise, Idaho, Attorney for Debtors.

    Bernie Rakozy, Boise, Idaho, Chapter 13 Trustee.

    The Chapter 7 Trustee, Bernie R. Rakozy, objected to Chapter 13 Debtors Scott and Yvonne McFarlands' claim of exemption under Idaho Code

MEMORANDUM OF DECISION - 1

AO 72A
(Rev. 8/82)

§ 11-604A(5) as to their daughters' college savings plans. Docket Nos. 7, 11. The Court conducted a hearing concerning Trustee's objection on August 17, 2004, at which both parties appeared. Docket No. 26. What follows are the Court's findings of fact, conclusions of law and disposition of the issues. Fed. R. Bankr. P. 7052; 9014.

### Facts

According to the plan documents admitted in evidence at the hearing, on March 23, 2001, Mrs. McFarland established an account in the Idaho College Savings Program (commonly known as "IDEAL") and designated her oldest daughter as the account beneficiary. Ex. A at 1-4. As a state employee, she could contribute to the plan via payroll deduction, and she authorized a $15 deduction each pay period. Ex. A at 1-4. Mrs. McFarland updated her application on January 29, 2002, at which time she established a second account, designating her youngest daughter as a beneficiary. She increased her payroll deduction to $30 each pay period. Ex. A at 7-8. Debtors have a total of $1,998 on deposit in the two IDEAL accounts. Schedule C, Docket No. 7.

MEMORANDUM OF DECISION - 2

The program disclosure booklet, Ex. B,[1] indicates that the Idaho College Savings Program (the "Program") was designed to help individuals save for the costs of education after high school. The Program is authorized by Chapter 54, Title 33 of the Idaho Code; it is managed by the Idaho College Savings Program Board established by the State of Idaho. Ex. B at 1, 7. The individual opening the account is considered the account's owner, and "all rights under the Participation Agreement belong to . . . the Account Owner and not to the Beneficiary," even though the funds held in the account are intended by the depositor to pay for the beneficiary's qualified education expenses. Ex. B at 5. Earnings on the account receive favorable tax treatment. Only the account owner can direct withdrawals, and withdrawals that are for anything other than qualified higher education expenses are subject to a tax penalty. Ex. B at 24-27.

### Disposition

Trustee argues that the exemption statute relied upon by Debtors, Idaho Code § 11-604A, was not meant by the Legislature to cover benefits that are payable to a beneficiary other than the debtor. However, Debtors contend that the

---

[1] IDEAL also maintains a website, www.idsaves.com, providing information concerning the program and copies of the plan documents.

MEMORANDUM OF DECISION - 3

Legislature provided no such restriction in the statute, and expressly declared its intent in the statute to exempt any rights accruing to an employee as the account owner.

Idaho has "opted-out" of the federal bankruptcy exemptions, and its citizens are limited to the exemptions allowed under state law. 11 U.S.C. § 522(b); Idaho Code § 11-609. Exemption statutes are to be liberally construed in favor of the debtor. *In re Duman*, 00.3 I.B.C.R. 137, 137 (Bankr. D. Idaho 2000). Trustee bears the burden of proving that Debtors' exemption is not properly claimed. Fed. R. Bankr. P. 4003(c). While debtors do not surrender their assets to the trustee for creditors in a Chapter 13 case, exemptions are important for determining whether the debtor's plan satisfies the "best interest of creditors" test for confirmation under 11 U.S.C. § 1325(a)(4).

The Idaho Legislature enacted Idaho Code § 11-604A to protect an individual's retirement income. Idaho Code § 11-604A(1). In addition to traditional forms of retirement funds such as pensions or annuities, the statute exempts "any other right accrued or accruing to any citizen of the state of Idaho under any employee benefit plan, and any fund created by the benefit plan or arrangement . . . ." Idaho Code § 11-604A(3). Employee benefit plans are

MEMORANDUM OF DECISION - 4

"deemed to be a spendthrift trust, regardless of the source of funds, the relationship between the beneficiary and the trustee or custodian of the plan, or the ability of the debtor to withdraw, borrow or otherwise become entitled to benefits from the plan before retirement." Idaho Code § 11-604A(5).

A college savings plan is unlike the classic pension plan, and would likely not be considered an employee benefit plan. But in the statute, the Idaho Legislature expressly included within the definition of "employee benefit plan" "any rights accruing on account of money paid currently or in advance pursuant to a college savings program described in chapter 54, title 33, Idaho Code." Idaho Code § 11-604A(4)(b). Idaho Code §§ 33-5401–5408 provides for Idaho's college savings program, established under authority of § 529 of the Internal Revenue Code. *See* Idaho Code §§ 33-5402(4) (authorizing changes to the program required to obtain federal income tax benefits under § 529 of the Internal Revenue Code); 5403(6)(a) (requiring the program to remain compliant with section 529 of the Internal Revenue Code to be treated as a qualified state tuition plan). Account owners have control over the disposition of the funds in the account according to the guidelines established in Idaho Code § 33-5404, including the ability to withdraw funds at any time (subject to a penalty if the withdrawn funds are not

MEMORANDUM OF DECISION - 5

Case 04-01623-JDP   Doc 28   Filed 09/03/04   Entered 09/07/04 11:28:00   Desc Converted from BANCAP   Page 6 of 8

used for "qualified" educational purposes) or to change beneficiaries. A designated beneficiary has no rights or legal interest in an account unless the designated beneficiary is also the account owner. Idaho Code § 33-5407(1)(a).

Given this statutory scheme, the funds on deposit in Debtors' college savings accounts are exempt under the express terms of Idaho Code § 11-604A. Though the primary purpose of the statute relates to protection of funds on deposit for a debtor's benefit in retirement plans, the statute expressly includes within its scope the college savings program established by Chapter 43, Title 33 of the Idaho Code. The IDEAL program in which Debtors participate is such a program. Thus, the money Debtors have saved in the accounts is exempt. Finally, contrary to Trustee's suggestion, Idaho Code § 11-604A contains no requirement that the employee be the beneficiary of the plan as a condition of the exemption.

## Conclusion

Idaho Code § 11-604A allows Debtors to exempt the money on deposit in the IDEAL college savings accounts established for the benefit of their daughters. Trustee's objection to Debtors' claim of exemption will therefore be denied by separate order.

MEMORANDUM OF DECISION - 6

AO 72A
(Rev. 8/82)

DATED This 3rd day of September, 2004.

*[signature]*

JIM D. PAPPAS
U.S. BANKRUPTCY JUDGE

MEMORANDUM OF DECISION - 7

AO 72A
(Rev. 8/82)

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I served by the method indicated below, a true copy of the document to which this certificate is attached, to the following named person(s) at the following address(es), on the date shown below:

Office of the U.S. Trustee
jeff.g.howe@usdoj.gov
gary.mcclendon@usdoj.gov

Randal J. French, Esq.
rfrench@bauerandfrench.com

Bernie Rakozy
brrakozy@mindspring.com

**Via Email**

Note re E-mail service: A ".pdf" version of the above decision/order was electronically transmitted to the parties indicated above. Email service is provided as a courtesy only upon request of a party. To review an electronic image of the original of this document, or to subscribe for email service of future decisions/orders from the Bankruptcy Judges, please access the Court's Internet web site, www.id.uscourts.gov.

CASE NO.:   04-01623                    CAMERON S. BURKE, CLERK
                                        U.S. BANKRUPTCY COURT

DATED:      9/3/04                      By Sylvia Wirth, Deputy Clerk

MEMORANDUM OF DECISION - 8

AO 72A
(Rev. 8/82)